IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **MARY LEE MOORE,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:23-cv-475-ALM-KPJ |
| § | |
| **USAA/GARRISON AND CASUALTY** § | |
| **INSURANCE COMPANY,** § | |
| § | |
| **Defendant.** § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above-styled case was referred to the undersigned for pretrial proceedings under 28 U.S.C. § 636. Upon consideration, the Court concludes that it is without subject matter jurisdiction. Therefore, under Federal Rule of Civil Procedure 12(h)(3), the Court recommends the case be **DISMISSED WITHOUT PREJUDICE** and any pending motion be **DENIED AS MOOT**.

**I.    BACKGROUND**

On May 25, 2023, Plaintiff Mary Lee Moore ("Plaintiff"), proceeding *pro* se, initiated the instant lawsuit by filing a complaint (the "Complaint") (Dkt. 1) against Defendant USAA/Garrison and Casualty Insurance Company ("Defendant").[1] In the Complaint (Dkt. 1), Plaintiff alleges that she was involved in a moving vehicle accident, which caused serious bodily injuries to her and her son. *See* Dkt. 1 at 4. To establish subject matter jurisdiction, Plaintiff contends that the Court has federal question jurisdiction based on "Negligence/Tort Law." *Id.* at 3. Plaintiff also appears to invoke diversity jurisdiction. She argues that the amount in controversy is satisfied because she

---

[1] Defendant represents that its correct legal name is "Garrison Property and Casualty Insurance Company." *See* Dkt. 22 at 1.

seeks $250,000 in damages. *See id.* at 4. Although Plaintiff states that she is a citizen of Texas, she fails to provide Defendant's state of incorporation and principal place of business. *See id.* ("The defendant, (*name*) USAA/ Insurance Company, is incorporated under the laws of the State of (*name*) _____, and has its principal place of business in the State of (*name*) _____.").

On November 1, 2023, the Court ordered Plaintiff to "file a status report explaining the basis for the Court's jurisdiction." Dkt. 15 at 2. The Court specifically instructed Plaintiff to "address whether the Court has diversity or federal question jurisdiction" and to "include Defendant's state (or states) of incorporation, as well as its principal place of business." *Id.* On November 13, 2023, Plaintiff filed a status report (the "Report") (Dkt. 17), which discusses the details of her accident but provides neither Defendant's state of incorporation nor its principal place of business. *See* Dkt. 17. Accordingly, the Court set a "hearing regarding subject matter jurisdiction . . . for **November 29, 2023, at 1:00 p.m.** via videoconference." *See* Dkt. 18 at 2 (emphasis in original). On November 29, 2023, the Court called this case for hearing. *See* Minute Entry for November 29, 2023. Counsel for Defendant appeared by videoconference; however, Plaintiff did not appear, and the Court canceled the hearing. *See id.*[2] On December 7, 2023, Defendant filed a disclosure statement (the "Disclosure") (Dkt. 22), wherein it represents that it "is a corporation incorporated under Texas law with its principal place of business located at 9800 Fredericksburg Road, San Antonio, Texas 78288." Dkt. 22 at 1.

## II.     LEGAL ANALYSIS

Federal Rule of Civil Procedure 12(h)(3) provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

---

[2] Plaintiff called the Court's staff and indicated that she mistakenly drove to Sherman, Texas for the hearing.

2

Thus, "*sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (citing FED. R. CIV. P. 12(h)(3)); *see Redmond v. Wells Fargo Bank N.A.*, No. 21-mc-5, 2022 WL 3142343, at *9 (E.D. Tex. Aug. 5, 2022) (collecting cases); *see also May v. Tex. by Cascos*, No. 16-cv-238, 2017 WL 7513550, at *5 (N.D. Tex. Nov. 27, 2017) ("The court therefore '[has] the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking.'" (quoting *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985))), *R. & R. adopted*, 2018 WL 798738 (N.D. Tex. Feb. 8, 2018). A dismissal for lack of subject matter jurisdiction is without prejudice, as it is "not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)) (internal quotation marks omitted).

It is well established that the "party invoking federal subject-matter jurisdiction has [the] burden of pleading and proving it." *Maxwell v. Kight*, 974 F. Supp. 899, 902 (E.D. Tex. 1996) (citing *Epps v. Bexar-Medina-Atascosa Cntys. Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982)). Such a party "has the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)). "In the Fifth Circuit, subject-matter jurisdiction determinations may be made using any one of the following bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Maxwell*, 974 F. Supp. at 902 (citing *Barrett Comput. Servs., Inc. v. PDA, Inc.*, 884 F.2d 214, 220 (5th Cir. 1989)).

In the present case, Plaintiff contends the Court has both federal question and diversity jurisdiction. Dkt. 1 at 4. After considering each in turn, the Court concludes it has neither.

### A.   Federal Question Jurisdiction

A federal court has federal question "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if the federal question forms "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936) (first citing *Starin v. New York*, 115 U.S. 248, 257 (1885); and then citing *First Nat'l Bank v. Williams*, 252 U.S. 504, 512 (1920)). "[M]erely invoking a federal statute . . . does not create a federal question." *Salem v. Alakhtaby*, No. 18-2249, 2019 WL 13419388, at *1 (S.D. Tex. Mar. 20, 2019) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001)).

Plaintiff cites no federal constitutional provision, statute, or treaty giving rise to her claim. Instead, she contends that the Court has federal question jurisdiction based on "Negligence/Tort Law." Dkt. 1 at 4. Clearly, this is an insufficient basis for federal question jurisdiction. "Negligence/Tort Law" is a matter of state law. Because federal law does not form an essential element of Plaintiff's claim, the Court is without federal question jurisdiction. *See Gully*, 299 U.S. at 109.

### B.   Diversity Jurisdiction

A federal court has diversity "jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a). To satisfy diversity jurisdiction, "the court must be certain that all plaintiffs have different citizenship from all defendants." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). "For diversity

jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Id.* "For natural persons, . . . citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW, L.L.C. v. Federal Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (citing *Gilbert v. David*, 235 U.S. 561, 568–69 (1915)). Whether the parties are diverse "depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)).

Plaintiff alleges that the motor vehicle accident giving rise to her lawsuit caused serious physical injuries to her and her son. *See* Dkt. 1 at 4 ("[T]he impact from the accident had made me suffer Neck, and Back and both Left and Right Shoulder injury, and cause me to have head pain."). As such, she seeks $250,000.00 in damages, *id.*, far exceeding the statutory minimum for diversity jurisdiction. 28 U.S.C. § 1332(a). Although the amount in controversy is satisfied, the same is not true with respect to diversity of citizenship.

Plaintiff alleges that she is a citizen of Texas. Dkt. 1 at 3 ("The plaintiff, (*name*) Pro se Mary Lee Moore, is a citizen of the State of (*name*) Texas."). According to Plaintiff, she has lived in Mesquite, Texas since January 13, 2023. Dkt. 17 at 1. Thus, at the time this action was initiated, Plaintiff was a citizen of Texas for the purpose of diversity jurisdiction. However, Plaintiff fails to allege Defendant's state of incorporation and principal place of business—the two facts necessary to determine Defendant's citizenship. *See* Dkt. 1. Despite receiving multiple opportunities to correct this deficiency, Plaintiff has failed to do so. *See* Dkts. 15; 17–18. Therefore, Plaintiff has not met her burden of proving diversity jurisdiction by a preponderance of the evidence.

In addition, the undisputed facts evidenced in the record suggest that Defendant, like Plaintiff, is a citizen of Texas. According to Defendant, it "is a corporation incorporated under

5

Texas law with its principal place of business located at 9800 Fredericksburg Road, San Antonio, Texas 78228." Dkt. 22 at 1. Plaintiff has not disputed these facts or asserted any conflicting allegations. *See* Dkts. 1; 17. Furthermore, courts faced with similar facts have concluded that Defendant is a citizen of Texas for the purpose of diversity jurisdiction. *See, e.g.*, *Nelson v. Garrison Prop. & Cas. Ins. Co.*, No. 23-2179, 2023 WL 5844754, at *1 (E.D. La. Sept. 11, 2023). Thus, Defendant, like Plaintiff, is a citizen of Texas. As Plaintiff and Defendant are citizens of the same state, the Court does not have diversity jurisdiction. *Getty Oil Corp.*, 841 F.2d at 1258.

Because the Court has neither federal question nor diversity jurisdiction, this case should be dismissed without prejudice. *See Mitchell*, 982 F.3d at 944.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** and any pending motion be **DENIED AS MOOT**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417

(5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 11th day of December, 2023.**

_____

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE